ROBERT HOSKINS, Executive Secretary Bingo Control Board
You ask whether the loss of tax exempt status for income tax purposes affects the nonprofit status of a fraternal organization, the Fraternal Order of Eagles Aerie 137, and whether the loss of tax exempt status affects its eligibility for a bingo license.
Section 163.11, Stats., provides:
 "(1) Any bona fide religious, charitable, service, fraternal or veterans' organization or any organization, other than the state or any political subdivision thereof, to which contributions are deductible for federal or state income tax purposes, may apply to the board for a license to conduct bingo.
 "(2) Prior to applying for a license, an organization listed under sub. (1) shall:
 "(a) Be incorporated in this state as a nonprofit corporation or organized in this state as a religious or nonprofit organization.
"***"
Under these subsections, the Eagles qualifies for a bingo license if: 1) contributions to it are deductible for federal or state income tax purposes; and 2) it is incorporated in this state as a nonprofit corporation or otherwise is a nonprofit organization.
The Eagles meets the first test. Contributions to fraternal societies are deductible for federal and state income tax purposes. See 26 U.S.C. sec. 170 (c)(4) and sec. 71.02 (2)(f), Stats. The loss of tax exempt status would not itself prevent contributions from being deductible. For example, were the Legislature to remove the tax exempt status of churches, contributions to them still would remain deductible as having been given to a charitable organization.
The Eagles also meets the second test. It qualifies as a corporation by force of sec. 188.02, Stats., which provides that such organizations "for all purposes for which they are authorized to act shall be deemed a corporation." Even if it were not a corporation, the information you *Page 257 
have given me does not indicate that it no longer is a nonprofit organization.
The loss of tax exempt status does not necessarily imply that an organization no longer is nonprofit. Tax exempt status can be lost on grounds unrelated to nonprofit status. If the Eagles' loss of tax exempt status is due to a finding by the Department of Revenue or other agency that it is not a nonprofit organization, then the Bingo Control Board would be justified in investigating into the matter to make its own determination as to whether it continues as a nonprofit organization.
It would appear, however, that you have no information suggesting that the Eagles no longer is a nonprofit organization and that its loss of tax exempt status is due to other considerations, namely, its membership policies in respect to race. The question becomes whether it is within the Board's authority to revoke a bingo license on the basis of such membership policies. The Board's authority must be found expressly stated in the statutes or contained therein by necessary implication. See Racine Fire and Police Comm. v.Stanfield, 70 Wis.2d 395, 399, 234 N.W.2d 307 (1975). Nothing in the applicable statutes authorizes the Board to revoke a bingo license of an otherwise eligible organization because of its racial policies in respect to membership.
Accordingly, it is my opinion, on the facts you have given me, that the Board may not revoke the bingo license of the Fraternal Order of Eagles Aerie 137.
BCL:CDH